IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA ANN LONG          *
                           *
v.                         *      Civil Case No. GLR-17-1966
                           *
COMMISSIONER, SOCIAL SECURITY[1]  *
                           *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions, [ECF Nos. 17, 20], and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Patricia Ann Long, who proceeds *pro se,* also filed an objection to the Motion for Summary Judgment filed by the Social Security Administration ("SSA"). [ECF No. 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny Ms. Long's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Long filed a claim for Disability Insurance Benefits on September 17, 2013, alleging a disability onset date of November 1, 2011. (Tr. 169-72). Her claim was denied initially and on reconsideration. (Tr. 102-21, 126-27). A hearing was held on July 22, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 36-74). Following the hearing, the ALJ determined that Ms. Long suffered from no severe impairments during the time before her date last insured,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

and, accordingly, that she was not disabled within the meaning of the Social Security Act. (Tr. 17-31). The Appeals Council ("AC") denied Ms. Long's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). Specifically, I have reviewed the letter Ms. Long's prior attorney filed to the AC, challenging the ALJ's determination. (Tr. 267-68). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with the law in applying the sequential evaluation. The ALJ ruled in Ms. Long's favor at step one, and determined that she had not engaged in substantial gainful activity between her alleged onset date and her date last insured ("DLI") of December 31, 2013. (Tr. 22); *see* 20 C.F.R. § 416.920(a)(4)(i). Ms. Long appears to challenge the calculation of her DLI, which is based on the number of quarters a claimant earns in her prior work history, and is entirely unrelated to a claimant's healthcare insurance or COBRA benefits. *See, e.g.*, Pl. Obj. 2 ("SSA has used the 12/31/13 date in their disability ending date scam in the denial of my SSA disability claim."); *id.* at 3 ("Therefore SSA scam of fraudulently stating that I became ill after the Cobra insurance (which I did not have) expired on 12/31/13 is This ridiculous, without merit, and meaningless."). However, Ms. Long does not provide any factual basis supporting her challenge to her DLI calculation. It is worth noting that Ms. Long's prior attorney, who represented her at the administrative level, did not raise any challenge to the

2

calculation of the DLI. (Tr. 267-68). I have reviewed the DLI, and can ascertain no error in its calculation. Thus, for Ms. Long to prevail, she has the burden to establish that she was disabled on or before December 31, 2013.

At step two, the ALJ then considered the severity of each of the impairments that Ms. Long claimed prevented her from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). The ALJ considered Ms. Long's diagnosed "obesity, knee condition, hypertension, type 2 diabetes, toxic mold exposure, and eye conditions," (Tr. 23), in addition to her allegations of "fatigue, back problems, memory, lack of concentration and focus, and arthritis," *id.* The ALJ reviewed the limited medical evidence existing prior to the DLI, the opinion evidence from practitioners who treated Ms. Long after her DLI, the opinion evidence from Ms. Long's husband, and the opinions of the State agency reviewing physicians. (Tr. 23-27). The ALJ noted that Ms. Long's conditions, prior to the DLI, "were well controlled with medication and appropriate treatment, presenting no evidence of residual abnormalities that have more than a minimal effect on the claimant's ability to perform work activities on a regular and continuing basis." (Tr. 24). The ALJ afforded "great weight" to the opinions of the State agency reviewing physicians, in part because those physicians rendered their opinions "with proper consideration of the regulations of the Social Security Administration regard [sic] the claimant's date last insured." (Tr. 25).

Ms. Long's prior counsel argued that a medical opinion, written by Dr. Mross on September 16, 2014, indicated that Ms. Long was suffering from degenerative knee and back impairments that would have affected her functional capacity prior to her DLI. (Tr. 267-68). Dr. Mross's report, however, makes no such declarations. In fact, Dr. Mross is clear that the assessment of Ms. Long's knee and back impairments is premised on Ms. Long's "reports," and not on a physical examination or other objective findings. *Id.* Dr. Mross's report, which is

3

expressly titled "Diabetes Mellitus Medical Source Statement," does not describe the back or knee issues as degenerative. (Tr. 375-81). Thus, the inferences Ms. Long's attorney sought are not supported by the evidence and do not undermine the conclusions reached by the ALJ.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Long's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Particularly here, where most of the medical record evidence post-dates Ms. Long's DLI, I find the ALJ's determination that Ms. Long had not established disability prior to her DLI was supported by substantial evidence.

Finally, Ms. Long requests other relief, including Medicaid coverage for certain medical bills, receipt of a partial pension for her husband, compensation for her son, the removal of an eviction warrant from 2011, and compensation from State Farm. Pl. Mot. 1. She alleges "fraud and abuse" by Johns Hopkins Hospital and the Greater Baltimore Medical Center. *Id.* at 2. None of Ms. Long's additional requested relief is available in an appeal of a Social Security decision in this Court, and this Court lacks jurisdiction in this case to review the merits of any of her allegations against any other entities. Only Ms. Long's appeal of the denial of her Social Security disability claim has been considered.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 17], GRANT Defendant's Motion for Summary Judgment, [ECF No. 20]; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 14, 2018                                              /s/
                                                                           Stephanie A. Gallagher
                                                                           United States Magistrate Judge